# UNITED STATES DISTRICT COURT

## For The

### SOUTHERN DISTRICT OF FLORIDA

#### Miami Division

cat / div _____

Case # _____

Judge _____ Mag.___

Motn Ifp _____ Fee pd $____

Receipt # _____

| | |
|---|---|
| Hugo Pena and HP Maritime Consultant | ) Case No: _____ |
| **Plaintiff** | ) (to be filled by the Clerk's Office) |
| vs. | ) |
| | ) **Complaint for a Civil Case** |
| United States Coast Guard Seventh District | ) **Under Civil Right Act** |
| Miami, Florida | ) Jury demanded |
| **Defendant 1** | ) |
| And | ) FILED by _____ D.C. |
| G&G Marine, Inc. | ) AUG 06 2018 |
| G&G Shipping, LLC | ) STEVEN M. LARIMORE |
| Coastal Shipping Holding, Inc. | ) CLERK U.S. DIST. CT. |
| | ) S. D. of FLA. – MIAMI |
| **Defendant 2** | ) |

Plaintiff Hugo Pena ["Plaintiff"], on behalf of himself and his DBA company HP Maritime Consultant, brings this complaint for a new Civil case, for Fraud upon the Court [case No: 10-60158-cr-WPD] under Rule 60 (b), lawsuit against Defendant United States Coast Guard Seventh District Miami ["USCG" or "Defendant 1"], and G&G Marine, Inc., G&G Shipping, LLC and Coastal Shipping Holding Inc. ["G&G Corporation" or "Defendant 2"] for depravation of rights and conspiracy to interfere with civil rights, result in continued violation of Constitutional Federal Law and damaged the integrity of the Plaintiff, his family and alleges the following:

#### Introduction

1.- United States Coast Guard (USCG) is an agency of homeland Security of the United States and is the principal Federal Agency responsible for maritime safety, security, and environmental stewardship in U.S. Ports and Waterways.

2.- United States Customs and Border Protection (CBP) is the largest federal law enforcement agency of the United States Department of Homeland Security. It is charged with regulating and facilitating international trade, also in issue **"Vessel Clearance and Entrance" indicating the flag carrier and trading certificates** to the Port of any commercial vessel in U.S. Jurisdiction, collecting import duties, and enforcing U.S. Regulations, including trade, customs, and immigration. CBP is one of the largest law enforcement agencies in the United States.

3.- **Coastal Shipping Holding Inc**. is a closely-held holding company and coastal marine freight company (own MV Island Express I) with a principal place of business of 1300 Eller Drive, Fort Lauderdale, FL 33316. The Managing Member and own of Coastal Shipping are individuals Steve R. Ganoe ("Ganoe") and Michael J. Grandonico ("Grandonico").

4.- Ganoe and Grandonico also own and control a closely held coastal marine company name **G&G Marine, Inc.,** G&G Marine's principal place of business is also 1300 Eller Drive, Fort Lauderdale, FL 33316, G&G Marine, Inc oversees the marine technical management of several vessels, as "Island Express I" or direct cargo movement of these vessels, including the deck and engine departments of vessel owned by Coastal Shipping Holding, Inc.

5.- Ganoe and Grandonico also own and control of closely held coastal marine company name **G&G Shipping, Inc**., G&G Shipping's principal place of business is also 1300 Eller Drive, Fort Lauderdale, Florida 33316. G&G Shipping oversee the vessel recruitment crew's member and act as the agency for clearance/entrance of their vessel as "Island Express I" in U.S. Jurisdiction.

6.- The **M/V "Island Express I"** (Island Express) is one of vessel owned by Ganoe & Grandonico, [G&G Corporation] and is a 155-foot cargo ship with a Gross Registered Tonnage of 422 GT constructed in Houma, Louisiana in United States under Regulation and Classification of American Bureau of Shipping and USCG Approval of Pollution Prevention Equipment and the vessel Fully Complied with MARPOL Annex 1 requirements, the vessel, it's as it was constructed, shown it's material, systems and equipment's installed satisfactory, all and which makes regular calls to Port Lau Dania, Florida in Broward County.

7.- At all relevant times, the Island Express was equipped with a Bilge Boy 2.5 Gallons Per Minute ("gpm") Oil Water Separator, manufactured by Fleetguard Filtration Systems, **UL listed mark** and it's an International Maritime Organization [IMO] approved oil pollution prevention equipment in compliance with MARPOL Annex 1 requirement. During the normal course of operation of a ship, oil and water accumulate and mix in the engine spaces of a ship. This oil and water mix, it is known as "bilge." MARPOL and APPS prohibit discharges of bilge into the ocean unless the effluent has been purified to an oil content of less than 15 parts per million ("ppm"). An Oil Water Separator, such as the Bilge Boy, is the principal technology used to lower the petroleum content of oil- contaminated water to less than 15 ppm and maximum throughput system is 2.5 GPM [Gallons per minute].

8.- This type of Oil Water Separator has a USCG and IMO Approval Certificate as require Constitutional Federal law 46 CFR 162.050.  USCG Approval Certificate No: 162.050/1133/0 all the time place in Island Express wall of engine room, [EXTRINSIC FRAUD].

9.- The Island Express is considered a dry-boat [Landing Craft] and produce low quantities of bilge water as she was designed and have sufficient capacity to store oily water originated from its machinery in supporting MARPOL ANNEX 1 requirements, with a Sludge Tank, more than 2000 gallons to store and to be discharged in the next port facility as it was required by the law in 33 CFR 151.25 (d) and shall be accurate record in its Oil Record Logbook, each operation with signature of officer in charge, each page shall be signed by Captain when page is complete.

10.- The United States is part of an international treaty that regulates the discharge of oily water from vessels at sea: The International Convention for the Prevention of Pollution from Ships, as modified by the Protocol of 1978 ("MARPOL"). Congress implemented MARPOL in the United States through the Act to Prevent Pollution from Ships ("APPS"), 33 U.S.C. §§ 1901 et seq. The United States is a party to MARPOL and regulations promulgated pursuant to APPS apply to all commercial vessels operating in United States waters or at United States ports, including vessels operating under the authority of a country other than the United States.

11.- On April 15th, 2010, Island Express was carrying Registration by St Kitts & Nevis Administration, with all Full-Term Trading Certificate included IOPP, MARPOL Annex 1 issued by FSI Ovid London on behalf of International Register of Shipping, a recognized organization by St. Kitts & Nevis Administration.

12.- On April 27th, 2010, Island Express was in the process of transferring Registration and Trading Certification to Panama Flag, a decision made by G&G Corporation and requested to Universal Shipping Bureau Inc., a Recognized Organization by Panama Maritime Authority, in Ciudad Panama Head Office, and there were issued Provisional Registration, Manning & Radio License by Panama Maritime Authority and then, Authorized and Instructed the issue of Provisional International Trading Certificate, [until Deletion Certificate from St Kitts & Nevis Administration have been issued], included Provisional IOPP certificate, MARPOL Annex 1, signed by a nominal surveyor Hugo Pena [The Plaintiff] with a new Oil Record Logbook [facilitate by Consulate of Panama in Miami], provided in Port Lau Dania.

13.- On May 3, 2010, G&G Corporation lay up the Island Express to attend the notice of recommendation issued by Hugo Pena [The Plaintiff] in the MARPOL Survey Report (CRDE A) on behalf of Universal Shipping Bureau, i.e. the survey report for pollution prevention by oil, all the time onboard until the notice of recommendation has been complete, Chief Engineer had not familiar with installed Oil Water Separator operation.

14.- On May 4, 2010, the United States Coast Guard conducted a Port State Control Annually Examination to the Island Express at the G & G Port in Port Lau Dania, Florida and found two submersible pumps in the space of Engine Room, something that the Island Express' crew handle, and USCG detained the vessel in suspicion of provable oil pollution event.

15.- The deficiency notice by USCG Keith Macklin, on May 4th, 2010 Form B, USCG Report did not indicate any malfunction of the Oil Water Separator as fraudulent constructed by the Assistant U.S. Attorney, it was fraudulent published in press release by this office and as it was maliciously fabricated and established in trial court. The material fact in evidence Extrinsic Fraud, [intentional omission USCG Form B to frame up the Plaintiff], USCG CWO Macklin handwrote:

> "Chief Engineer failed to test the Oil Water Separator because had not familiar with
> the procedure of testing because of missing the instruction manual".

16.- On May 5th, 2010 the Island Express Chief Engineer Northon Eraso had been trained by qualified personnel in United States jurisdiction as it shall be and required by United States Law in 46 CFR 110.15-160.

17.- On May 5th, 2010 the Chief Engineer Eraso, test the equipment exactly as it was in the starting procedure in the instruction manual, filling both Gravity Separator and Coalescing Housings, and all inlet plumbing with water. The functional test was successful. Extrinsic Fraud, error of omission, Record testing on May 5th, 2010, withhold by Defendant Attorney Jay White.

18.- Plaintiff [Panama Flag inspector Hugo Pena, neither his DBA company HP Maritime Consultant] is not G&G employee, he is not the owner's Island Express, neither member of its crew as AUSA Jaime Raich negligently in complicity with G&G corporation framed up the Plaintiff, [intentional omission of fundamental error, new Panama Oil Record Logbook and Oil Water Separator USCG Approval Certificate], in conspiracy with Special Agent Greg Bishop on behalf of USCG, and issued fraudulent complaint and indict **on June 15th, 2010**, against Hugo Pena and his DBA Company in a fraudulent criminal Case No: 10-60158 - CR - WPD togethers with crew's member of Island Express,  Captain Ronald Ramon and Chief Engineer Northon Eraso without any relationship with them, in obstruction of justice, misleading the real issue of the crime, **bottom dry-docking examination** because of seawater leakage by the tail-shaft seal and the crew negligent discharging back to the ocean, creating false crimes of strict liability for which responsibility is imposed without considering the scope of authorization / inspection instruction, violating contractual agreement with Recognized Organization by the Panama Maritime Authority and knowingly  that Inspector Hugo Peña had not been onboard on April 15th, 2010 because G&G owner postpone the transferring flag for next call.

19.- This is a complaint under a civil right act against G&G Corporation, intentional counterfeit document to obtain benefit, pursuant to a Grand Jury Subpoena, planting constructed fraudulent duplicate IOPP Certificate [CRGE: 45] never found by any USCG officer in Island Express on May 4th, 2010, with doctored signature of Plaintiff [inspector Hugo Pena] and also his Universal Shipping Bureau Stamp in a photocopy machine, with the gravamen of counterfeit similar date April 15th , 2010 to conflict the original IOPP certificate [CRGE:2] found by CWO USCG Keith Macklin on May 4th, 2010, to create a conflict in the information of record of equipment FORM A, with intention to deceit a "Pity Jury", because G&G corporation installed a new different Oil Water Separator, around June/July 2010 with also concealed USCG Approval Certificate No: 162.050/9050/0 for identification in the FORM A, after the existing Oil Water Separator was removed/destroyed with intention to deceit, also with **USCG Approval Certificate No: 162.050/1133/0** as it was found by the USCG CWO Keith Macklin, when in fact, it was successfully tested and approved in the ASI Inspection Report by Panama Maritime Authority on May 11th, 2010 [Extrinsic Fraud] as per  required in USCG Report FORM A on May 4th, 2010. On August 2010 G&G corporation destroyed all Full Terms Certificates issued by Universal Shipping Bureau Head Office in Panama to frame up the Panama Flag Surveyor Hugo Pena and his DBA company [The Plaintiff], remaining only the International Tonnage Certificate [08/17/2010].

20.- This is a complaint under a civil right act against USCG for producing false arresting to Panama Flag Surveyor on June 10th, 2010 at 06:00 a.m., the "Plaintiff" was kidnapped/arrested at his house by a team of U.S. Marshall commanded by USCG Special Agent Greg Bishop without any warrant, without probably cause and incarcerate him in Broward County, with complicity with G&G Corporation, based on that, the Island Express didn't complied with MARPOL Annex 1 requirement, knowingly by them, that this  vessel was constructed in United States under Code Federal Regulations, defamed that, the Plaintiff was on April 15th, 2010 in Island Express [Case

No: 10-6240 - Barry S Seltzer], when in fact and in true, USCG Special Agent had knowingly that the owner G&G corporation postpone the transferring St. Kitts & Nevis trading Certification to Panama on April 27th, 2010 to avoid an emergency dry-dock bottom examination to permanent stop the entrance of seawater by the outer seal to the cofferdam of Engine Room. On June 15th, 2010 the Plaintiff and his DBA company were fraudulent indict.

21.- Extrinsic Fraud, Intentional error of Omission with intend to deceit in obstruction of justice: Vessel Clearance of Statement by Customs of Border Protection (**as USCG, also an Agency of Homeland Security of the United States**) indicated that M/V "Island Express I" carrier the flag St. Kitts & Nevis, signed by Captain Ronald Ramos and CBP Custom Officer.

22.- When there is a duty to disclose, any statement or affirmative act of concealment can qualify as a "trick, scheme, or device," including a report or submission that omits key data in continue violation of constitutional federal law, the Classification Law 46 U.S.C. § 3316, and Certification of Pollution Prevention Equipment 46 CFR 162.050-7 - Approval procedures and 46 CFR 91.25-38 Pollution Prevention and Caribbean Cargo Ship Safety Code (CCSC) for vessel less than 500 GT, equivalent to compliance with similar provisions of 46 CFR Subchapter I.

23.- The IOPP certificate [CRGE: 2) signed by the Plaintiff on behalf of Universal Shipping Bureau, contains accurate information as it was indicated the equipment installed onboard, [Extrinsic Fraud] USCG Approval Certificate No: 162.050/1133/0 as it was required in 46 CFR 162.050-7.

> "A copy of this certificate should be carried aboard a vessel fitted with this equipment at all times. The expiration date above is for USCG approval only. The IMO certificate of type test does not expire."

24.- The United States Constitution require that criminal prosecutors be neutral, without a personal, financial stake in the cases they bring instead of providing false constructed evidence or false testimony in order to falsely prove someone guilty of a crime to obtain benefit. This prosecution was and continue to be unconstitutional. This lawsuit seeks to (1) vacate all criminal convictions obtained by this malicious fraudulent prosecution Case No: 10-60158-CR - WPD , (2) to vindicate the rights of Panama Flag State Surveyor who have been criminally prosecuted for fraud upon the court, (3) obtain the return of all fines and fees paid to his defense counsel in connection with prosecutions by this malicious prosecution, and (4) enjoin USCG, [an agency of Homeland Security of United States] from further unconstitutional prosecutions to American Citizen, in cases in which Shipping Owners has a financial interest and are liable for their actions.

## Parties

25.- Plaintiff, Hugo Pena is an American Citizen naturalized, born in Cuba, acting as Panama Flag Surveyor, entrusted by a Recognized Organization 'Universal Shipping Bureau, Inc." in the inspection of "Island Express I" on behalf of Panama Maritime Authority (PMA) in the process of transferring trading certificates from St Kitts & Nevis Adm. to Panama on April 27th, 2010; complete transfer was done on May 11th, 2010. In his capacity as surveyor with Authorization Letter and Instruction by the Recognized Organization, he was fraudulent criminally prosecuted for MARPOL Violation, Certification & Inspection, Case No; 10-60158-cr-WPD, Count 27 & 28. That prosecution is the subjects of this lawsuit.

26.- Plaintiff, HP Maritime Consultant is a DBA company own by Hugo Pena, registered in Florida State, Dade County, actually expired on 12/31/2013 because of this maliciously fraud, [the plaintiff Hugo Pena was forbidding to do any work relate with Maritime field], indict with the intention to deceit the jury in a criminal case, Case No: 10-60158-CR-WPD, without any relationship with the Recognized Organization in Panama, neither relationship with the inspection and certification of Island Express I, neither relationship with G&G Corporation or any vessel.

27.- Defendant, United States Coast Guard (District 7) is an agency of homeland Security of the United States, may be served with citation located at Commander USCG Seventh District Brickell Plaza Federal Building 909 SE 1st Avenue Miami, FL 33131-3050. USCG Investigator Special Agent Greg Bishop in charge and some USCG Officers, Aidan Waterbury, Leigh Cotterell, Keith Macklin were engaged in malicious fraudulent prosecution with G&G Corporation in the destruction of fundamental evidence [Oil Water Separator "Bilge Boy"] with USCG Oil Water Separator Approval Certificate, concealing/destruction/fabricating fraudulent statutory documentation in continue violation of constitutional federal law, 46 CFR Subchapter I, 46 CFR 162.050 and 46 U.S.C. § 3316 (c), to damage the integrity of the Plaintiff [Panama Flag Surveyor Hugo Pena and his DBA company].

28.- Defendant, G&G Corporation as G&G Marine Inc., G&G Shipping Inc., Coastal Shipping Holding, Inc., is the actual offender, planting fraudulent duplicate IOPP certificate, destruction of fundamental evidence [Oil Water Separator], and planting a new one to damage the integrity of the Plaintiff [Panama Flag Surveyor Hugo Pena and his DBA company] and may be served with citation by serving its registered agent.

**Jurisdiction and Venue.**

29.- This is an action for damages pursuant to 42 U.S.C. § 1983 and 1985 based upon the continuing violations of Plaintiffs' rights under the Fourth, Fifth, Six and Fourteenth Amendments to the United States Constitution.

30.- Jurisdiction exists pursuant to 28 U.S.C. § § 1331 and 1343 based on 42 U.S.C. §§ 1983 and 1985 and questions of federal constitutional law.

31.- Venue is proper in the Southern District of Florida in that the events and conduct corrupt and fraudulent complained of herein all occurred in the Southern District of Florida, [Case No: 10-6240 - Barry S Seltzer, Case No: 10-60189-CR-Cohn/Seltzer, Case No: 10-60158-CR-WPD, Case No: 18-60984-CIV-WPD].

**Factual Allegation**

32.- This case presents an issue of first impression in this Court and in this Circuit and, to the best of our knowledge in the country, as the Appeal Court Eleven Circuit acknowledge, resulted in continue violation of United States Federal Constitutional Law, "Fraud Upon the Court", and the impact to the Naval Surveyor Worldwide, Recognized Organization and Classification Society, due to the continue abuse against Foreign Flag Surveyor Community because negligence of the ship's owners - operators in the operation of their equipment's, creating wrong liability in Flag surveyor, to create a wrong precedent, misleading the real issue of incident, and planting new fabricate/counterfeit documents as it was in this case, due to conspiracy between G&G Corporation, USCG investigating officers in District 7 Miami Office, United States Attorney Office in the Southern District of Florida and Defense Attorney G&G Corporation.

33.- This case arises from a conspiracy to prey on people in their most vulnerable moments and an egregious betrayal of trust by wolves in a white collar crime, violation of United States Constitutional Federal Law by the Attorney Office in the Southern District of Florida, when in fact it is knowingly by Constitutional Federal Law, that the Plaintiff [Panama Flag Surveyor Hugo Pena] is not allowing to certificate any pollution prevention equipment installed in Island Express, according to Constitutional Federal Law 46 USC 3316 (c), Constitutional Federal Regulation 46 CFR 162.050 because it shall be UL Listed mark, properly installed and shall be certified by the USCG and the International Maritime Organization [IMO], as actually it was and intentional omitted with intend to deceit a Pity Jury in obstruction of justice, misleading the real issue of a crime.

A. **There is a cause to believe complicity between AUSA Jaime Raich and USCG Investigating Officers District 7 to protect G&G Corporation [The Offender] with the intent to deceit and damage Panama Flag Inspector Hugo Pena and his DBA company, Fraud upon the Court for Malicious Prosecution in Violation of Constitutional Federal Law, based on Extrinsic / Intrinsic Fraud. Count 27 & 28.**

34.- Pursuant to a Grand Jury Subpoena to G&G Corporation on June/July 2010 working in concert with complicity with some USCG officers in malicious prosecution to frame up the Panama Surveyor [The Plaintiff, Hugo Pena and his DBA company], planting fraudulent constructed documents as a duplicated IOPP certificate [CRGE: 45] unknown and against the Plaintiff with intention to deceit a "Pity Jury" in defamation of character, Libel and Slander in a following case [Case No: 10-60158-CR-WPD] because the claims are clearly unfounded and filed with malicious intent to punish and damage the integrity of Hugo Pena, who was acting as Panama Flag Inspector on April 27th, 2010 occurred in Port Lau Dania in the Southern District of Florida, authorized and instructed by a Recognized Organization in Panama on behalf of Panama Maritime Authority in transferring certification from St. Kitts & Nevis to Panama Flag as per request of G&G Marine, Inc. to Universal Shipping Bureau in Panama in a vessel built in Houma, Louisiana, United States at the end of 1999  under CFR regulation and approval of drawing and designed, by the America Bureau of Shipping (ABS), MV "Island Express I" fully comply with MARPOL Annex 1.

HP

35.- Based on these Federal Constitutional Law, **Classification Law 46 U.S.C. § 3316 and 46 CFR 162.050 Pollution Prevention Equipment Certification i.e. the material fact in evidence,** USCG Approval Certificate No: 162.050/1133/0, correspond to Provisional IOPP certificate (CRGE:2) [a fundamental error concealed with intention to deceit] and previous trading certification St. Kitts & Nevis and report of inspection for Prevention Pollution by Oil [CRDE: A], M/V "Island Express I" fully complied with MARPOL Annex 1 requirement for this type of ship and also, intentional concealed in complicity with USCG officers, the new Oil Record Logbook provided by Panama Consulate in Miami on April 27th, 2010, in compliance with 33 CFR 151.25., and Panama Maritime Authority (PMA) SEGUMAR Circular 154.

36.- USCG investigator officers in complicity with G&G corporation, fabricated malicious unfounded opinion in Criminal Complaint Case 10-6240-BSS page 5 paragraph 2, and the gravamen of concealing the new Oil Record Logbook facilitate by the Panama Consulate in Miami to frame up the Plaintiff, that is, statutory constitutional requirement, 33 CFR 151.25

" …. the Chief Engineer tried to operate the Oil Water Separator but appeared to be unfamiliar with it. The USCG inspector then realized that it was inoperable".

37.- USCG special agent has knowingly that the Panama Flag Surveyor had not any relation shift with any crew members of "Island Express I", and knowingly the notice of recommendation in the survey report for pollution prevention by oil, [CRDE: A] by Universal Shipping Bureau all the time onboard until the notice recommendation has been complete.

38.-The Government never issued a Subpoena Duces Tecum to the plaintiff [Panama Flag Inspector Hugo Pena] for the indictment in question, counts 27 & 28, to investigate thoroughly, only made a "controlled telephone call" without consenting party, [the Plaintiff], with the intention to frame him up day before his kidnapped, but nothing came from that phone call. Based only on unfounded speculation [CRDE. 160:32-40], misleading the real issue of the crime, leakage and discharging seawater enter to Engine Room Cofferdam throughout tail-shaft seal, [04/15/2010].

39.- On June 10th, 2010 at 06:00 a.m. the Plaintiff was kidnapped/arrested at his house in violation of United States Constitution in its Fourth Amendment by a team of U.S. Marshall commanded by USCG Special Agent Investigator Greg Bishop.

40.- The Federal Constitutional Classification Law 46 U.S.C. § 3316 and Pollution Prevention Equipment 46 CFR 162.050 and 46 CFR Subchapter I [Caribbean Cargo Ship safety Code], Constitutional Federal Law and Federal Regulation were violated and shall be respected, protected and enforced, everyone is subject to the United States Constitution and the Rule of Law.

**B.  There is no cause to believe that Provisional IOPP Certificate [CRGE:2] found by USCG CWO Keith Macklin was a False Statement under 18 U.S.C. 1001 (a) (2. (Count 28) based on Report of Inspection Pollution Prevention by Oil [CRDE: A] and USCG Certificate of Approval Pollution Equipment.**

41.- Since, there was concealing in the trial court [Case No: 10-60158-CR-WPD], one (1) fundamental error in the provisional IOPP Certificate [CRGE:2] found by USCG CWO Keith Macklin in order to identified the equipment in the Form A of this IOPP certificate, that is, the Approval Certificate of Oil Water Separator issue by the own USCG and installed on "Island Express I" all the time placed on Wall Engine Room and as it was found in the USCG annual inspection on May 4th, 2010 and also in previous USCG annual inspection years 2000-2009 without any deficiency in the Oil Pollution Prevention Equipment installation, contradictory as AUSA Jaime Raich fraudulent declared to deceit the Pity Jury at trial.

42.- The Jury neither this Honorable Court [Case No: 10-60158-CR-WPD] could have identified the accuracy of the equipment in the Provisional IOPP certificate [CRGE: 2] found by the USCG, because AUSA Jaime Raich concealed this fundamental error in bad faith in complicity with USCG Special Agent Greg Bishop, because G&G corporation concealed and destroyed during the investigation June/July 2010 in obstruction of justice, fundamental material evidence in previous trial court, as it was the removal/destruction of Bilge Boy Oil Water Separator, Case No. 10-60189-cr-Cohn/Seltzer, misleading the real issue of the crime for intent to deceit the Pity Jury and these Honorable Courts.

43.- **Extrinsic Fraud:** USCG Approval Certificate No: 162.050/1133/0, correspond to Provisional IOPP certificate (CR GE: 2) and **this is question of federal constitutional law, 46 CFR 162.050**.

44.- In some situations, it is not simply what is said that creates liability, but rather what is left unspoken. As a result, a statement can be considered false even when the actual facts communicated are accurate because of misrepresentation of the law, MARPOL Annex 1, Certification and Inspection, i.e. Act to Prevent Pollution from Ships, 33 U.S.C. §§ 1901-1905 (APPS), Pollution Prevention Equipment 46 CFR 162.050-7 - Approval procedures and Classification Federal Constitutional Law 46 U.S.C. § 3316, if the effect of the statement as a whole is to mislead investigators, in obstruction of justice with an intention to commit an illegal act to deceit, damaging and frame up the Panama flag inspector [The Plaintiff] who performed his duty, in defamation and the creation of wrong liability to his DBA company in misstatement of the fact, with the gravamens, concealing/tampering fundamental error in bad faith to deceit these Honorable Courts, as the USCG Approved Oil Water Separator Certificate, found by the USCG CWO Keith Macklin on board "Island Express I" on May 4th, 2010.

45.- The effect to mislead investigation in obstruction of justice was the indisputable false and corrupted declaration by the USCG Officer Aidan Waterbury in complicity with G&G Corporation in regard of two (2) portable submersible 110v 60 Hz sump pumps with 25 meters of hose facilitate by G&G Port Engineer Ramon Durant found by USCG CWO Keith Macklin induce by G&G Corporation who had reached out to the investigator because they became aware that its employee was being investigated.

HP

46.- In these circumstances, this court shall be reviewed the conviction held against the plaintiff [Panama Flag Inspector Hugo Pena], because, also, it is fraud upon the court by an enforcement official, fabricated by USCG Investigating Officers in complicity with AUSA Jaime Raich and G&G Corporation Defense Attorney, in violation of 46 USC 3316 and 33 USC 1901-1905 and 46 CFR 162.050 in a defamation of character with the gravamen that, Flag Inspector was not onboard on April 15th, 2010, neither he is a crew member, neither sail in that vessel, neither he is the owner of this vessel, neither had knowledge of the existence on board of any portable submersible pump with an intention to violate the law, something that could remove and withdraw at any time by the crew, neither had any relationship with G&G corporation.

47.- These portable submersible 110v 60 Hz sump pumps were not part of Island Express equipment approval as it was indicated in the declaration by USCG CWO Keith Macklin at the trial, it was temporary solution by them, something that the crew and G&G corporation installed by themselves on April 15th, 2010 to avoid a compulsory emergency dry-dock bottom examination because seawater leakage coming from the ocean and it can be on/off at any time in any navigable water, none Flag Surveyor neither USCG officer could control it, THEY ARE NO ONBOARD.

**Intent to commit the act that constitutes the crime by G&G Corporation**.

48.- On April 15th 2010 G&G postpone the Panama Inspection, G&G Port Engineer authorized by G&G Corporation owners facilitated two (2) submersible 110v 60 Hz sump pumps with 25 meters of hose to discharge seawater from the cofferdam in Engine Room in the process to control the leakage, it was compulsory for Caribbean Cargo Ship Safety Code [46 CFR Charter I] to an emergency dry-dock to properly check and inspect the tail-shaft seal (outer side) that was causing the seawater to enter the cofferdam in Engine Room, and shall be under supervision by an approval class surveyor as required the federal constitutional law 46 USC 3316 (c).

49.- That was really G&G employee in their benefit, who committed the alleged crime attempting to communicate was that "he was an unwilling victim of a bribery court scheme" and as a result, his statements to the investigator were "clearly false". A Violation of Constitutional Law 46 U.S.C. 3316 (c) in complicity with USCG investigator officers participating in this investigation.

50.- In gravamen the Plaintiff (Flag Inspector) was a victim of a non-consensual telephone call, PREVIOUS DAY TO HIS KIDNAPPED, by this G&G employee in the presence of USCG Special Agent Greg Bishop in an intent to fraudulent criminal complaint in fraudulent bifurcation to MARPOL Annex 1, [Certification & Inspection], who was signed the indictment against the Plaintiff Hugo Pena, [Case No: 10-6240 - Barry S Seltzer], but it was a trash conversation in abuse of process, denying the Rule of Law, instead of meet and confer with the victim and the gravamen, this USCG Special Agent Greg Bishop kidnapped the Plaintiff, early on June 10th, 2010 at his house without any warrant, or, any probable cause or any intent to commit the act that constitute a crime, in a fraudulent arrest, a miscarriage of justice, a violation of United States Constitution.

51.- In obstruction of justice, G&G Corporation intentional destroyed evidence removed the Oil Water Separator, USCG Approval Certificate No: 162.050/1133/0, correspond to Provisional IOPP certificate (CR GE: 2) and concealed the new Oil Record Logbook provided by the Panama Consulate in Miami on April 27th, 2010, also correspond to Provisional IOPP Cert. [CRGE:2].

HP

52.- The plaintiff was incarcerated in Broward County, creating a deeply distressing and disturbing experience, blocking his mind in his desperation.

53.- USCG had knowingly that, on May 5th 2010 the USCG officer Aidan Waterbury reviewed the USCG Form A signed by USCG CWO Keith Macklin and cleared deficiency of the IOPP certificate [CRGE:2] in the USCG From A [CRDE-B] signed by the captain Ronald Ramon and USCG Officer Aidan Waterbury, overlooked by this Honorable Court [Case No: 10-60158-CR-WPD], in contradiction of what this USCG officer Aidan Waterbury fraudulent and corrupt declared during the investigation, without any material fact in evidence to support Count 27 & 28.

54.- This Court [Case No: 10-60158-CR-WPD] overlooked Critical Omission: The Plaintiff [Hugo Pena] was not survey the vessel on April 15th, 2010, the day the crime was intent to act and committed as per material fact in evidence, Extrinsic Fraud, intentional error of omission, emailed sent on April 15th, 2010 from Island Express to G&G corporation, the owner decided to postpone the inspection for transferring flag, the Oil Water Separator has USCG approved certificate, i.e. intentional fundamental error omitted, in violation of federal constitutional rule 46 CFR 162.050.

55.- The Complete Inspection of MARPOL was done on April 27th, 2010, i.e. Report of Inspection Pollution Prevention by Oil [CR DE: A] as per instruction of head office in Panama, Extrinsic Fraud, based on that, was provided the Provisional IOPP Certificate [CRGE:2].

56.- The Plaintiff from February 2010 to April 15th, 2010 was fulfilling other duty with other embarkations as his duty with his contract agreement with the Recognized Organization. HE WAS NOT IN "ISLAND EXPRESS I" and has no any relationship with them, other than the transferring trading Certification from St. Kitts & Nevis to Panama Flag on April 27th, 2010.

57.- So, there is no doubt the Provisional IOPP Certificate [CRGE:2] found by USCG CWO Keith Macklin on May 4th, 2010 was a true Certificate because meets the provisions of the relevant convention MARPOL Annex 1 and CFR, with which the particulars of the ship, its crew and its equipment correspond USCG Approval Certificate No: 162.050/1133/0, and this court should have summarized action in reverse this count 28, False Official Statement under, 18 U.S.C. 1001 (a) (2.

C. **There is no cause to believe that the Plaintiff had failure to conduct a MARPOL survey on Island Express, April 15th, 2010 under 33 U.S.C. 1908 (a), Count 27.**

58.- After the G&G VP Mike Grandonico postponed the survey on April 15th, 2010, the vessel was kept sailing with St. Kitts & Nevis Full Term Trading Certification, because the vessel fully complies with MARPOL Annex 1 requirements, notwithstanding G&G knowingly the Chief Engineer had not familiar with the Oil Pollution Prevention Equipment, because the operational instruction manual was missing.

59.- On April 27th, 2010 the G&G Chief Operation Officer [COO] Jim Hampel, schedule the complete inspection by Panama Surveyor, [the Plaintiff], authorized by the Recognized Organization, who entrusted him the inspection with these undisputed facts, shown in the MV "Island Express I", found without any alteration in its structure, system and equipment's as she was built in Houma, Louisiana, United States

a.    There is undisputed and we agreed that Chief Engineer Eraso had not familiarization with the oil pollution prevention equipment installed because of missing instruction manual when the vessel was inspected by the surveyor Hugo Pena on April 27th, 2010 as per email sent to Panama head office and USCG examination Form B signed by USCG CWO Keith Macklin on May 4th, 2010.

b.    There is undisputed that the vessel has no any alteration and shows that the structure, equipment, systems, fittings, arrangement and material of the ship and the condition thereof are in all respects satisfactory and that the ship complies with the applicable requirements of Annex I of the MARPOL Convention.

c.    There is undisputed that the vessel shows sufficient capacity, means for retention and disposal of oil residues (sludge) 8.14 cubic meter i.e. more than 2000 gallons.

d.    There is undisputed that the vessel shows discharge pipelines for residues from machinery bilges and from sludge tanks, both lines fitted with standard discharge connection as Regulation 13.

e.    There is undisputed that the Plaintiff [Hugo Pena] completes the report of inspection Pollution Prevention by Oil on April 27th, 2010 as per Panama Head office instructed, [CRDE:A].

f.    There is undisputed that Island Express was scheduled to lay up on May 3rd , 2010, to correct deficiency found by the Plaintiff on April 27th, 2010 [CRDE: A], because Chief Engineer had not familiarization with the operation of Oil Water Separator.

g.    There is undisputed that on May 5th, 2010 the Chief Engineer Eraso had been trained by qualified personnel in United States jurisdiction as it shall be and required by United States Law in 46 CFR 110.15-160.

60.- On May 5th, 2010 the Chief Engineer Eraso, test the equipment exactly as it was in the starting procedure in the instruction manual, filling both Gravity Separator and Coalescing Housings, and all inlet plumbing with water. The test was successful. Extrinsic Fraud, error of omission, Record testing on May 5th, 2010, withhold by the Hugo Pena Defendant Attorney Jay White.

61.- There is no doubt the Plaintiff provided a Complete Inspection of MARPOL on April 27th, 2010, [CRDE: A], as it was a Report of Inspection Pollution Prevention by Oil as per instruction of head office in Panama in his contract agreement and this court should reverse this count 27, Failure to conduct a MARPOL survey, under 33 U.S.C. 1908 (a)

62.- There is no doubt complicity between the G&G Corporation Defense Attorney, USCG investigating Officers District 7 Miami and Attorney Office of Southern District of Florida in agreement in misleading the issue of the crime, in obstruction of Justice, as it was compulsory emergency dry-docking bottom examination, in continue putting in jeopardized the crew, the environment and the vessel {Island Express I] in this malicious prosecution against the Plaintiff.

HP

D. **There is probable cause to believe complicity between AUSA Jaime Raich, AUSA Laura Thomas Rivero and defense Attorney Coastal Shipping Holding Inc. (Lilly Ann Sanchez) and USCG Investigators Officers [District 7, Miami] to protect G&G Corporation in this malicious fraudulent unfounded prosecution against the Plaintiff [Panama Flag Surveyor Hugo Pena] based on Intrinsic and Extrinsic Fraud.**

63.- The AUSA Jaime Raich and the wolf pack were defending "The Offender" [G&G corporation after the Plea Agreement, document 17 Entered on FLSD Docket 07/16/2010 Case No. 10-60189-cr-COHN/SELTZER] tainted and corrupt declaration to frame up the Panama Flag Inspector and his DBA company [the Plaintiff], in an act of corruption, with a duplicate fraudulent/counterfeit IOPP certificate planting in a trial, where their mission is to enforce and defend the law of United States of America, protect the life at sea and the environment to enforce the Rule of Law with all these undisputed material facts in evidence:

a. It is undisputed that G&G corporation are responsible of the planting fraudulent/counterfeit duplicate IOPP Certificate [CRGE: 45] with doctored signature and Universal Shipping Bureau Stamp of inspector Pena in a photocopy machine and with the gravamen of counterfeit similar date April 15th , 2010 to conflict the original IOPP certificate [CRGE:2], to create a conflict in the information of record of equipment FORM A, with intention to deceit this honorable court and a Pity Jury, because G&G corporation installed a new different Oil Water Separator, also concealed USCG Approval Certificate No: 162.050/9050 /0 for identification in the FORM A, installed after kidnapped the Plaintiff on June 10th, 2010 after the existing Oil Water Separator was removed/destroyed, also with USCG Approval Certificate No; 162.050/1133/0 and found by the USCG CWO Keith Macklin, when in fact, it was successfully tested and approved in the ASI inspection by Panama Maritime Authority on May 11th, 2010 as per USCG requirement in FORM A May 4th, 2010.

b. It is undisputed that G&G corporation is the owner's "Island Express I" and are responsible in the operation, maintenance and recruitment of its employees and crew members.

c. It is undisputed that the Plaintiff [Panama Flag inspector Hugo Pena and his DBA company] is not G&G employee, he is not the owner's Island Express, neither member of its crew as negligently the United States indict the Plaintiff in a criminal Case No: 10-60158 - CR - WPD with crew's member of Island Express,  Captain Ronald Ramon and Chief Engineer Northon Eraso without any relationship with them, creating false crimes of strict liability for which responsibility is imposed without considering the scope of authorization / inspection instruction, violating contractual agreement with Recognized Organization by the Panama Maritime Authority and knowledge of the defendant (Panama flag Inspector Hugo Peña), in gravamen USCG maliciously interrupting the flag inspection process on May 4th, 2010.

    d. It is undisputed that the Plaintiff (Panama Flag inspector Hugo Pena) neither any Flag Surveyor, neither any USCG inspectors are responsible for the wrong action of Island Express crew's and G&G employee's, because of the Criminal Negligence and Recklessness of G&G Corporation.

    e. G&G corporation facilitate the Ultimate Weapon to commit the Suspicion CRIME, to avoid compulsory emergency dry-dock bottom inspection to fix the tail-shaft seal leakage, outer side, instead by providing portable submersible pumps with 25 feet's hoses on April 15th, 2010, discharging seawater leakage to the ocean instead of legally discharge this water to a reception facilitate in Broward County as it was required by the United States Law, when they were temporary fixing the leakage of seawater, only the inside [Cofferdam], this job was not approved by any Classification Surveyor [46 USC 336 (c) ] in maliciously bifurcation the issue to MARPOL Annex 1, Inspection & Certification, instead of violation, 46 CFR Subchapter I (Caribbean Cargo Ship Safety Code) emergency bottom Dry-Dock examination.

64.- All wolf pack, AUSA Jaime Raich and Defense Attorney G&G Corporation and USCG investigators Officers, are complicity in the intentional omission of this fundamental error to damage the integrity of the Plaintiff, [Panama Flag Surveyor Hugo Pena and his DBA company], who is not an approved class surveyor as required 46 U.S.C. 3316 (c) and was no in place where the alleged crime was committed on April 15th, 2010.

65.- A state of mind to commit a crime. G&G Corporation, the seawater leakage was by both Main Engine's Shaft also known as Tail-Shaft seals and coming from the ocean and its compulsory a dry-dock emergency bottom examination to fix the outer seal, required the supervision of an approval class surveyor as Federal Constitutional Law 46 U.S.C. 3316 (c) to fix underwater issue.

Email Transcript. [Extrinsic Fraud]

Thursday, April 15th, 2010, 07:13 A.M.: ISX: Port Engineer to have ready on arrival the bearing for both Main Engine's Shaft, and two submersible 110v 60 Hz sump pumps with 25 meters of hose, too much water in bilges, Ch. Engineer.

66.- In answered to the G&G agency of this e-mail, intentional omitted and no shown at the trial, case No; 10-60180-cr-WPD, the G&G maintenance director subjects to the owner G&G Marine not involving the Panama surveyor because cloud the issue, because it requires an emergency bottom dry-dock inspection, the last inspection was done on September 2008.

67.- Intent exists when the illegal act may reasonably be expected to follow from an offender's voluntary act, even without any specific intent by the offender [G&G Corporation].

**Thursday, April 15th, 2010, 09:42 hrs. Maintenance Director (Michael Bader) to Mike Grandonico**:  Ramon and I are aware of this. We scheduled to repair packing on arrival. I need to work with Ramon and I only; Hugo and Laura only cloud the issue.

68.- On April 15th, 2010 around 19:00 hours, as it was indicated in the Engine Logbook at this day [CRGE:24] the time of departure. The issue of sea water leakage from the ocean to the engine room cofferdam were **temporary fixed on April 15th, 2010**, only inside seal, without any approval class surveyor as required Federal Constitutional Law 46 U.S.C. 3316 (c).

    **E. There was a physical action, actus reus, and a state of mind to commit a crime by G&G Corporation, on April 15th , 2010, there is cause to believe, seawater leak was discharged to the ocean instead to discharge legally in an approved Facility in Broward County, this job was not approval by any class surveyor according to constitutional law 46 U.S.C. 3316 (c ) and done without communication to the Captain of the Port in Port Everglades and without record in the Oil Record Logbook under St. Kitts & Nevis administration.**

69.- Here is the exact description and signed by the Chief Engineer Northon Eraso on this undisputable fact overlooked in Island Express' Engine logbook, [CRGE: 24], [CRDE. 160: 101-104]:

"Stop Main Engines at 14:30 and dock in Dania 15:00 to 19:30, Port Engineer - Oiler and Chief Engineer repacking 5 seals to stuffing box (Main Shaft from Port Main Engine) testing ahead & astern- very good job 20:45 start both engines & depart Dania" /s/ by Northon Eraso

70.- The deficiency notice by USCG Keith Macklin, on May 4th, 2010 (Extrinsic Fraud) FORM B USCG Report did not indicate any malfunction of the Oil Water Separator as fraudulent constructed and established in trial court; This is Material fact in evidence, Macklin handwrote:

"Chief Engineer failed to test the Oil Water Separator because had not familiar with the procedure of testing because of missing the instruction manual".

71.- It was just an excuse and a Recklessness by the Chief Engineer, [knowingly what they had been done], with the USCG CWO Keith Macklin, the video record of Oil Water Separator on May 5th, 2010 indicated that this Pollution Prevention Equipment installation never had been malfunction AS NEITHER INDICATED IN ANY previous USCG Annual Examination Report in years 2000-2009.

72.- In a state of mind to commit a crime, G&G Corporation concealed the **new Panama Oil Record Logbook, facilitate by the Consulate of Panama in Miami on April 27th, 2010** as it was required by Panama Maritime Authority in Segumar Circular 154, the cause of action in this fraudulent indictment for failed to maintained accurate information in the Oil Record Logbook, in complicity with AUSA Jaime Raich and USCG Special Agent Greg Bishop, on June 15th, 2010 with Count 1, Conspiracy in failing to keep Accurate of Oil Record Logbook, using in trial court, previous Flag Administration, Honduras/St. Kitts & Nevis in complicity with USCG investigators to damage the integrity of the Plaintiff, Panama Flag Surveyor Hugo Pena, who had no relation-shift with these old Oil Record Logbook.

73.- In the Gravamen the new Panama Oil Record Logbook was in possession of USCG District 7, Miami Office in conspiracy with AUSA, for obstruction of justice as it was indicated in the [Extrinsic Fraud] ASI Inspection Report by Panama Maritime Authority on May 11th, 2010, and it was intentionally concealed to damage the integrity of Flag Inspector Hugo Pena, [The Plaintiff].

### F.  G&G, Strict liability crime

74.- G&G had two (2) sister vessel more, with similar Oil Water Separator installed, one of them (M/V Caribbean Express I) in the Plea of Agreement and same instruction manual for operation, they neglected to copy one and instruct the new Chief Engineer as shall be required when Chief Engineer Northon Eraso was enrolled in Island Express on February 7th, 2010.

75.- G&G facilitate the two (2) portable submersible pump to avoid a compulsory Emergency Bottom Dry-Dock examination with the intention to commit an illegal act in Broward County and in an **Actus Reus**, knowingly on April 15th, 2010 by G&G Corporation throughout Port Engineer Ramon Duran, instead to schedule to discharge the seawater leakage in an approve facility in Broward County as shall be requiring by the law, or in emergency situation, communication with Captain of the Port in Port Everglades and Record it in the Oil Record Logbook under the actual flag administration [St. Kitts & Nevis].

76.- In obstruction of justice, G&G created a false liability to the Plaintiff [Panama Flag Inspector] with the fraudulent/counterfeit duplicate IOPP certificate [CRGE- 45] constructed by them in complicity with AUSA Jaime Raich and Defense Attorney Lilly Ann Sanchez creating a conflict in the accurate identification of Pollution Prevention Equipment with a Pity Jury to prosecute the victim in violation of United States Constitution, under the Fourth, Fifth, Six and Fourteenth Amendments in denying the Rule of Law.

77.- In obstruction of justice AUSA Jaime Raich in complicity with Defense Attorney [G&G Corporation] Lilly Ann Sanchez and G&G Corporation and USCG investigating officer created a false liability to the Plaintiff [Panama Flag Inspector] in the Certification of the Oil Water Separator, when in fact Pollution Prevention Equipment was certified by the own USCG as it was required by the law in 46 CFR 162.050 and in gravamen concealed this fundamental material in evidence at trial [EXTRINSIC FRAUD] to identify in the record of equipment FORM A in the IOPP certificate [CRGE-2] and [CRGE-45].

78.- G&G never performed a safety emergency and mandatory dry-dock bottom examination to fix tail-shaft seal, outer side, cause of action the suspected crime, the seawater leakage, [cause of detention because of the portable submersible pumps found by USCG officers Keith Macklin in suspicion of oil pollution], in continue violation of the Classification Law, i.e. a Constitutional Federal Law 46 U.S.C. § 3316, even in continue violation the next mandatory dry-docking bottom inspection during probation, due on  February 2011, in continue denying the Rule of Law, in conspiracy and complicity with USCG District 7 Miami office, counterfeit the last dry-dock inspection report and continue putting at risk it's crew, M/V "Island Express I" and the environment, in misleading the real issue of the crime, Caribbean Cargo Ship Safety Code, 46 CFR Subchapter I, a Constitutional Federal law.

79.- This is further proof of why the ships sometimes sink, concealing the real issue of the crime, corruption and conspiracy at the high level in United States Justice System in the Attorney Office of Southern District of Florida in complicity with USCG investigating Officers in District 7 Miami Office, putting at risk the life of their crew at sea, the environment for the simple reason of sustaining a fraud, maliciously fabricated in complicity with a corrupt corporation [G&G Corporation], in violation of constitutional federal law of United States of America.

## G. **INJURIES TO PLAINTIFF-PETITIONER**

80.- Mr. Hugo Pena and his DBA company, has been injured because this maliciously fraudulent indictment in double jeopardizing, he was required to pay $85,500.00 in fees to pay for the cost of his own defense attorneys during his five years of continues fighting for his innocence and right, for his unconstitutional prosecution, he was threat by the AUSA Jaime Raich, asking with hate for more damage, to get fraudulent incarceration against the Plaintiff.

81.- Mr. Hugo Pena has been injured because he was required to pay $200.00 in fines for his unconstitutional conviction.

82.- Mr. Hugo Pena has been injured because he has been subjected to the shame and embarrassment of the criminal process, including kidnapping in his own house without issuance of an arrest warrant, without an arraignment, incarceration and a criminal conviction, all of which was the result of an unconstitutional process.

83.- Mr. Hugo Pena has been injured because he was required to pay five (5) years and a half in probation, included six (6) month house arrest, lost his DBA company, all of which was the result of an unconstitutional prosecution for hijacking of documentation, destruction of fundamental evidence and fabricating/falsification of statutory documents by G&G Corporation in complicity with some USCG investigating officers and complicity with AUSA Jaime Raich.

84.- Mr. Hugo Pena has the continuing injury of a criminal conviction, losing his own home and his car, damaging his family, forbidding any maritime relate job during probation, thing Plaintiff was doing all his entire life as a maritime professional.

85.- Mr. Hugo Pena continues to fear that he will be subjected to further discrimination to get any job and in any maritime job because of this unconstitutional prosecution and continue denying his TWIC card, losing paid fees, resulted of a ban by the USCG for this unconstitutional process, losing his actual job, that is, a continue discrimination [EEOC] and losing jobs.

**COUNT 1.**

## Violations of Due Process Clause of the United States Constitution, Fourteenth Amendment

Plaintiff-Petitioner incorporates by reference all previous paragraphs (1 to 85) of this pleading for continue violation of Constitutional Federal Law 46 CFR Subchapter I, 46 CFR 162.050 and 46 U.S.C. § 3316 in this malicious prosecution Case No: 10-60158-cr-WPD, no one is above the law.

The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution requires that criminal prosecutors be neutral and objective. The plaintiff was denied meeting and confer with Assistance U. S. Attorney and the USCG investigating officer in charge, creating a false liability to the Plaintiff [Panama Flag Inspector] in the Certification of the Oil Water Separator, when in fact Pollution Prevention Equipment was certified by the own USCG as it was required by the law in 46 CFR 162.050. It is undisputed "Island Express I" complied with all requirement of MARPOL Annex 1 as it was required by the United States Law.

**Making collapse United States Constitutional Federal Law**, misleading the real cause of action of the crime by G&G Corporation, leakage and discharging of seawater from Engine Room Cofferdam, and avoiding mandatory dry-docking bottom inspection.

The AUSA Jaime Raich perverting the course of justice, in obstruction of justice, a complete miscarriage of justice, used fabricating evidence, "false Certificate" [CRGE:45] constructed by G&G corporation [The Offender] without any intend to authenticated the document, unknown by the Plaintiff to contact potential witnesses as Government Expert James Dolan, paying him up rate of $ 325.00 per hour, who had never been in the "Island Express I" that is, the place and matter of the offense, with an intent to the system of checks and balances collapses and intent to deceit the "Pity Jury" and damage the integrity of Panama Flag Surveyor and his DBA company, [the Plaintiff], more punished to his family, defamation, a fraud upon the Court, in a vessel built in United States under regulation of Classification Law 46 USC 3316 and Code of Federal Regulation without any record of any alteration in the equipment prevention pollution by oil and this Gov. Expert purported to be a retired class inspector for American Bureau of Shipping on about 1992, where all equipment's in the Island Express were certificate by the own American Bureau of Shipping and USCG on 1999, included the scapegoat, Oil Water Separator as it was indicated in the International Oil Pollution Prevention Certificate CRGE: 2 and intentional withhold a Critical Omission to deceit a Pity Jury, attached to IOPP cert., Extrinsic Fraud e.g. **United States Coast Guard Approval Oil Water Separater Certificate No: 162.050/1133/0.**

It is a violation of the Due Process Clause for violation of constitutional federal law to premeditate damage a United States Citizen [The Plaintiff], a victim, by a criminal prosecutor to have a personal, financial stake in the cases they prosecute, [Case No: 10-60189 - CR - Cohn/Seltzer], raising serious constitutional questions.

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

## COUNT 2

### False Arresting in Violations of Fourth Amendment of the United States Constitution

Plaintiff-Petitioner incorporates by reference all previous paragraphs [1 to 85] of this pleading for continue violation of Constitutional Federal Law 46 CFR Subchapter I, 46 CFR 162.050 and 46 U.S.C. § 3316 in the malicious prosecution Case No: 10-60158-cr-WPD, no one is above the law.

On June 10th, 2010 at 06:00 a.m. the Plaintiff was kidnapped/arrested in his house by a team of U.S. Marshall commanded by USCG Special Agent Greg Bishop without any warrant and without probably cause and incarcerate him, fraudulent alleged that the Plaintiff was on April 15th, 2010 in Island Express [Case No: 10-6240 - Barry S Seltzer], when in fact and in true, USCG Special Agent was knowingly that the owner G&G corporation postpone the start transferring St. Kitts & Nevis trading Certification to Panama on April 27th, 2010, completed on May 11th, 2010 to avoid an emergency dry-dock bottom inspection to permanent fix the entrance of seawater to the cofferdam of Engine Room. The Plaintiff was no onboard on April 15th, 2010.

Extrinsic Fraud, Error of Omission: Vessel Clearance of Statement by Customs of Border Protection (**as USCG, also an Agency of Homeland Security of the United States**) on April 15th, 2010 indicated that M/V "Island Express I" carrier the flag St. Kitts & Nevis, signed by Captain Ronald Ramos and Custom Officer.

## COUNT 3

### False indictment involves the Fifth Amendment of the United States Constitution in Violation of Constitutional Federal Law.

Plaintiff-Petitioner incorporates by reference all previous paragraphs [1-85] of this pleading for continue violation of Constitutional Federal Law 46 CFR Subchapter I, 46 CFR 162.050 and 46 U.S.C. § 3316 in the malicious prosecution Case No: 10-60158-cr-WPD, no one is above the law.

Pursuant to a Grand Jury Subpoena to G&G Corporation (The Offender) on June/July 2010 and working in concert in complicity with some USCG officers, in obstruction of justice, intentional planting fraudulent duplicate IOPP certificate CRGE- 45 in trial court with same day as CRGE-2 IOPP Certificate found by USCG CWO Keith Macklin without knowledge of this duplicate IOPP certificate by the Plaintiff to frame him up in malicious prosecution, none USCG officer found this duplicate fraudulent certificate onboard Island Express on May 4th, 2010, with the gravamen, omission of fundamental error, USCG Oil Water Separator Approval Certificate to damage the integrity of the Plaintiff, [Panama Flag Surveyor Hugo Pena], who is not an approved class

surveyor as required 46 U.S.C. 3316 (c) and knowingly that the Plaintiff was no in place where the alleged crime was committed on April 15th, 2010 with the gravamen of unfounded misrepresentation of the law and unfounded event of pollution, in declaration by AUSA Jaime Raich and AUSA Laura Thomas Rivero also in Appeal Court 11 Circuit, when in fact, fundamental error omission, Extrinsic Fraud i.e. Oil Water Separator has a Certificate of Approval by USCG, so it is an adequate equipment in compliance with MARPOL Rules, Pollution Prevention Equipment 46 CFR 162.050-7 - Approval procedures, M/V Island Express fully comply with MARPOL Rules in Annex 1.

Indeed, by this fundamental intentional error omission and planting fraudulent duplicate IOPP certificate, making collapse United States Constitutional Federal law, that this was precisely the theory on which this Pity Jury convict and the Eleven Circuit Appeal courts affirmed.

Under the Act of Production Doctrine, the act of an individual in producing documents or materials (e.g., in response to a subpoena) may have a "testimonial aspect" for purposes of the individual's right to assert the Fifth Amendment privilege against self-incrimination to the extent that the individual's act of production provides information not already in the hands of law enforcement personnel about the (1) existence; (2) custody; or (3) authenticity, of the documents or materials produced. See United States v. Hubbell. In Boyd v. United States, the U.S. Supreme Court stated that "It is equivalent to a compulsory production of papers to make the nonproduction of them a confession of the allegations which it is pretended they will prove".

In this case G&G Corporation produce fraudulent documents and materials as a duplicate IOPP certificate [CRGE:45] forgery the signature of Plaintiff where the authenticity cannot be proved and in gravamen conceal a fundament error of omission, Oil Water Separator Certificate of Approval by USCG to authenticate the certificate they had forged and also concealed the new Oil Record Logbook facilitate by Panama Consulate in Miami.

The Fifth amendment contains several provisions, four elements protect a person accused of a crime: the right against compelled self-incrimination, the right to a grand jury, the right of protection against double jeopardy and the right to due process, all these elements were violated against the Plaintiff because of malicious fraudulent criminal conviction, Case No:10-60158-cr-WPD

The Plaintiff ripped off the band-aid covering up an infected, festering wound within our Justice System that needs to be fully exposed to the light of day to heal and we will not stand for the corruption any longer.

This is an incredible abuse of power against the "PLAINTIFF", a simple Unites States Citizen damaging his family, with all of these intentional omissions, misleading the real crime, seawater leakage by the tail-shaft seal, and negligent discharged back to the ocean, to avoid a compulsory Dry-Dock bottom examination, in continue putting at risk the life of their crew at sea, the environment and their own vessel "Island Express I", using falsification and manipulation / planting of facts in a criminal judicial processes by the USCG investigating officers in Seventh District of Florida, Miami Office with complicity by a corrupt G&G Corporation [The Offender] and the Attorney Office of Southern District of Florida in a fraudulent case 10-60158-CR-WPD.

Complaint for Civil Case                                                    Page 21 of 22

## H.  **PRAYER AND REQUEST FOR RELIEF**

For the reasons stated above, Hugo Pena (the Plaintiff) appearing Pro Se under Rule 60 (b) respectfully requests that this Honorable Court:

a) Provide Plaintiff an opportunity to present all Extrinsic Fraud, i.e. Fundamental Material Fact in evidence intentional concealing in Case No: 10-60158-CR-WPD to deceit a Pity Jury, in this lawsuit as require by the law.

b) Grant such other and further relief as justice may require.;

For the foregoing reasons, Plaintiff request that upon final trial or other disposition of this lawsuit, Plaintiff has and against Defendants jointly and severally for the following:

    i.   For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

    ii.  For pre-judgment interest on all amounts awarded to the full extent allowed by law;

    iii. For injunctive relief as pleaded or as the Court may deem proper; and

    iv.  Exemplary damages; and

    v.   For an Order awarding Plaintiff, their reasonable attorneys' fees and expenses to the full extent allowed by law.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11,

Respectfully Submitted;

Hugo Pena
943 N.W. 97th Ave, Apt 204
Miami, FL 33172
Email: hpena01@yahoo.com
Victim Pro Se

Complaint for Civil Case                                        Page 22 of 22

## **CERTIFICATE OF SERVICE**

    I, HEREBY CERTIFY that a true and correct copy of the forgoing parties has been furnished by mail on this _____2018 to:

United States District Court
Southern District of Florida
Office of the Clerk, Room 8 N09
400 North Miami Avenue
Miami, Florida 33128-7716

Commander USCG Seventh District
Brickell Plaza Federal Building
909 SE 1st Avenue
Miami, FL 33131-3050

United States Attorney's Office
Southern District of Florida
99 N.E. 4th Street
Miami, Florida 33132

G&G Shipping LLC,
G&G Marine, Inc,
Coastal Shipping Holding, Inc.

Registered Agency: Arie A Taycan
7880 N. University Dr. Suite 201
Tamarac, FL 33321

Registered Agency: Adan J. Steinberg
200 S. Andrews Avenue, Suite 903
Ft. Lauderdale, FL 33301

Respectfully submitted;

Hugo Pena
943 NW 97 Ave. Apt 204
Miami, FL 33172
Email: hpena01@yahoo.com
Victim Pro Se



Elvis Pena
943 NW 77th Ave
Apt. 204
Miami, FL 33172

United States District Court
Office of the Clerk Room 800
400 N. Miami Ave.
Miami, FL 33128-7716

CERTIFIED MAIL

7018 0040 0000 3413 0358







U.S. POSTAGE PAID
DORAL, FL
AUG 03, 18
AMOUNT
$8.46
R2304E107091-23