United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Hugo Pena and HP Maritime Consultant, Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 18-23188-Civ-Scola |
| United States Coast Guard Seventh District, and others, Defendant. | ) ) ) | |

## Order Adopting the Magistrate's Report and Recommendation

This matter was referred to United States Magistrate Judge Chris M. McAliley for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters, consistent with 28 U.S.C. § 636 and Local Magistrate Judge Rule 1. (ECF No. 108.) Judge McAliley issued a Report and Recommendation regarding three motions: a motion to dismiss (ECF No. 66) filed by G&G Marine, Inc., G&G Shipping Subisidiary I, LLC, and Coastal Shipping Holding, Inc. (the "G&G Defendants"), the United States Coast Guard's motion to dismiss (ECF No. 75), and the G&G Defendants' motion to strike the petition of declaratory judgment (ECF No. 70). She recommends that the Court grant all three motions. (ECF No. 100.) The Plaintiffs Hugo Pena and HP Maritime Consultant subsequently objected to Judge McAliley's report (ECF No. 101) and the G&G Defendants responded to the objections (ECF No. 102). Having conducted a *de novo* review of the entire record and the applicable law, the Court **overrules** the objections (**ECF No. 101**) and **grants** the Defendants' motions to dismiss with prejudice (**ECF Nos. 66, 75**). The Court further **denies** the Plaintiffs' Petition for Declaratory Judgment (**ECF No. 69**).

The Plaintiffs allege that the Defendants fraudulently conspired to convict Hugo Pena, and they ask the Court to vacate his criminal conviction, award him compensatory and punitive damages for constitutional violations resulting from his unlawful conviction, and enjoin the Coast Guard from further unconstitutional prosecutions. (ECF No. 100 at 5.) Judge McAliley correctly concluded that Federal Rule of Civil Procedure 60(d)(3) applies to civil cases and cannot vacate a conviction. She also correctly decided that Plaintiffs cannot recover damages under 18 U.S.C. § 1983 unless Pena's conviction was invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Moreover, the Plaintiffs do not have standing to enjoin the United States Coast Guard because they have not shown that they face "a continuing present injury or real and immediate threat of repeated injury." *Dudley v. Stewart*, 724 F.2d 1493, 1494

(11th Cir. 1984). None of the Plaintiffs' objections have any merit because, as explained above, the Court cannot grant the relief requested in the Amended Complaint. Finally, the Court agrees that attorneys' fees should not be awarded to the G&G Defendants because the Plaintiffs are proceeding pro se and the Plaintiffs have not previously filed a civil action against the Defendants. *See Hughes v. Rowe*, 449 U.S. 5, 15 (1980) ("attorney's fees should rarely be awarded against [uncounseled prisoners]").

Therefore, the Court **affirms and adopts** Magistrate Judge McAliley's Report and Recommendation (**ECF No. 100**). The Court **grants** the Defendants' motions to dismiss with prejudice (**ECF Nos. 66, 75**), and it **denies** the Plaintiffs' Petition for Declaratory Judgment (**ECF No. 69**). The Court declines to award the G&G Defendants attorneys' fees. The Court directs the clerk to **close** this case and to **remove** it from the trial calendar. Any pending motions in this case are **denied as moot**.

**Done and ordered** in chambers, at Miami, Florida, on October 23, 2019.

_____
Robert N. Scola, Jr.
United States District Judge