United States District Court
for the
Southern District of Florida

| Hugo Pena and HP Maritime Consultant, Plaintiffs, | ) ) ) | |
|---|---|---|
| v. | ) ) ) | Civil Action No. 18-23188-Civ-Scola |
| United States Coast Guard Seventh District, and others, Defendant. | ) ) | |

### Order Denying the Plaintiffs' Motion for Reconsideration

The Plaintiffs Hugo Pena and HP Maritime Consultant filed a motion labeled "Broken Chair Petition for Fraud upon the Court, Based on Vessel Identity Theft [Island Express I] on April 15th, 2010 or Before or Until May 11th, 2010 [File 100 and 103]." (ECF No. 105.) The Court construes this as a motion for reconsideration of the Court's prior Order adopting Magistrate Judge Chris M. McAliley's Report and Recommendation ("R&R") (ECF No. 103) because it asks the Court to set aside the R&R. The Court **denies** the Plaintiffs' motion for reconsideration. (**ECF No. 105**.)

The decision to grant or deny a motion for reconsideration is committed to the district court's sound discretion. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (reviewing reconsideration decision for abuse of discretion). Reconsideration is appropriate only in very limited circumstances, such as where "the Court has patently misunderstood a party, where there is an intervening change in controlling law or the facts of a case, or where there is manifest injustice." *See Vila v. Padron*, 2005 WL 6104075, at *1 (S.D. Fla. Mar. 31, 2005) (Altonaga, J.). "Such problems rarely arise and the motion to reconsider should be equally rare." *See id.* (citation omitted). To obtain reconsideration, "the party must do more than simply restate its previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived." *See id.* "[A] motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.).

Here, the Plaintiffs argue that the Court should reconsider its prior Order adopting Judge McAliley's R&R recommending that the lawsuit be dismissed because the Court did not wait for the Plaintiffs to reply in support of their objections to the R&R. Plaintiffs also argue that dismissal of their case was improper because they showed "plausible entitlement to relief by offering enough

facts to raise a right to relief above the speculative level." (ECF NO 105 at 2.) These objections are frivolous, and the Plaintiffs' argument falls woefully short of the reconsideration standard. The Court was not required to consider the Plaintiffs' reply in support of their objections to the R&R because the Federal Rules of Civil Procedure do not provide for such a reply. *See* Fed. R. Civ. P. 72(b)(2). Moreover, dismissal was proper for the reasons set out in the Court's previous Order (ECF No. 103) and in Magistrate Judge Chris M. McAliley's R&R (ECF No. 100).

**Done and ordered** in chambers, at Miami, Florida, on November 21, 2019.

                                                    Robert N. Scola, Jr.
                                                  United States District Judge